UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE CASSARD,

                Plaintiff,

   -against-

OMNICOM MEDIA GROUP HOLDINGS INC.,
OMD USA LLC, and RALPH PARDO

              Defendants.

Case No.: 1:25-cv-02201 (JLR)

STIPULATED CONFIDENTIALITY AGREEMENT AND ~~[PROPOSED]~~ PROTECTIVE ORDER

**WHEREAS**, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose pursuant to and during the course of discovery in the above-captioned action (the "Action") (this "Protective Order");

**WHEREAS**, the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing discovery in this Action, and the Parties, through counsel, having stipulated to the following provisions, it is hereby,

**ORDERED** that any person subject to this Protective Order—including without limitation the Parties to this Action, their attorneys, representatives, agents, experts, and consultants, acting as such, all third parties providing discovery in this Action, and all other interested persons with actual notice of this Protective Order—shall adhere to the following terms, upon pain of contempt and any other sanction deemed appropriate by the Court:

**Discovery Materials May Be Designated as Confidential**

1.     This Protective Order shall be applicable to and govern all deposition transcripts and recordings, documents or electronically stored information (whether exchanged between the

Parties prior to formal discovery or produced by the Parties or any third parties in response to requests for production or subpoenas), answers to interrogatories, responses to requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as any other information and materials hereafter furnished, directly or indirectly (including in connection with any mediation or settlement negotiations among the Parties), by or on behalf of any Party or third party in connection with this Action (collectively, "Discovery Materials").

2.      The person producing Discovery Materials may designate as "Confidential" any portion thereof that the Party reasonably and in good faith believes comprise or reflect confidential and/or proprietary information which is not generally known and which the Party normally would not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, proprietary, commercially sensitive, or otherwise confidential financial, business, commercial, trade secret, research, development, technical, strategic, and/or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3.      The person producing Discovery Materials may designate as "Highly Confidential" any portion thereof that the Party reasonably and in good faith believes is of such a personally, commercially, or competitively sensitive nature that disclosure to persons other than those specified herein could reasonably be expected to result in injury to that Party. "Highly Confidential" Discovery Materials shall include, without limitation, information that is not known or available to the public and that constitutes, contains, or reflects trade secrets; proprietary business information, methods or processes; financial data, reports, or analysis; pricing or cost

information; customer or consumer information; sales and marketing information, analysis, or planning; and other confidential information that is highly proprietary or competitively sensitive. Discovery Materials designated either as "Confidential" or "Highly Confidential" shall collectively be referred to as "Confidential Discovery Material."

4.       Any person subject to this Order who receives from any other person any Confidential Discovery Material shall not disclose, divulge, or communicate any such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

5.       The designation of information or material for purposes of this Order shall be made in the following manner by the person or Party seeking protection:

a.       In the case of documents, electronically stored information, interrogatory responses, responses to requests for admission, or other material (apart from deposition transcripts and recordings): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate) in a manner that will not interfere with legibility or audibility: (i) on each page of any document containing any confidential material; or (ii) physically on the outside of any media for storing electronic documents that are not reasonably capable of having a designation attached to each page; at the time such documents or materials are produced or such information is disclosed, or as soon thereafter as the person or Party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.  The terms "documents" and "electronically stored information" as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, as relevant and without limitation, all "writings," "recordings," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence,

and any information stored in or through any computer system or other electronic or optical data storage device;

b.    In the case of depositions, a portion of any deposition transcript shall be designated either "Confidential" or "Highly Confidential" hereunder: (i) by a statement on the record, by counsel, during such deposition; or (ii) by written notice of such designation sent by counsel to all Parties within thirty (30) days after the Party's counsel's receipt of the transcript of the deposition.  If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.  At or during a deposition, the deponent or his or her counsel, or any other counsel, acting in good faith, may invoke the provisions of this Order in a timely manner, giving adequate warning to counsel for the Party that testimony about to be given is deemed protected under this Order.

6.    The disclosure of a document or information without designating it as Confidential Discovery Material shall not constitute a waiver of the right to designate such document or information as Confidential Discovery Material.  If at any time prior to the trial of this Action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as Confidential Discovery Material, the producing person may so designate that portion by promptly notifying all parties in writing.  Such designated portion of the Discovery Material will thereafter be treated as Confidential Discovery Material under the terms of this Order.  As soon as the receiving Parties are notified in writing of the inadvertent production, the information must be treated as if it had been timely and initially designated under this Order, and the receiving Parties must promptly endeavor in good faith to obtain all copies of the document which they distributed or disclosed to persons not authorized to

access such information, as well as any copies made by such persons.  In addition, the producing person shall provide each other Party with replacement versions of such Confidential Discovery Material that bears the appropriate designation within ten (10) business days of providing such notice.

7.      Any non-party that produces or discloses information in this Action may obtain protection of this Order by complying with the terms herein.  To the extent a discovery request is made to a non-party in this Action, any Party may notify such non-party that the protections of this Order are available to such non-party.

**Who May Receive Confidential Materials**

8.      No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    (a)   the Parties of this Action;

    (b)   the Parties' counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this Action;

    (c)   as to any document, its author, its addressee(s), and any other person shown on the face of the document as having received a copy;

    (d)   any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto, and so long as the witness is only

shown the Confidential Discovery Material during and in preparation for his/her testimony, or when counsel has made a good faith determination that it is necessary for purposes of prosecuting, defending, or appealing this Action to show such information to the witness, and the witness is not permitted to retain the Confidential Discovery Material;

(e)   any person retained by a Party to serve as an expert witness or outside consultant to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f)   stenographers and video and/or audio technicians engaged to transcribe or record depositions conducted in this Action;

(g)   independent photocopying vendors, graphic production services, contract attorneys, electronic document management vendors, or other litigation support services employed by the Parties or their counsel to assist in this Action, including computer service personnel performing duties in relation to a computerized litigation system;

(h)   the Court, its staff, and court reporters;

(i)   any mediator or arbitrator appointed by the Court or agreed to by the Parties who assists the Parties in trying to reach a settlement of this Action and has first executed a Non-Disclosure Agreement in the form annexed hereto;

-6-

(j)     employees of the Parties' insurance carriers to whom it is necessary that the Confidential Discovery Material be shown for purposes of the Action; and

(k)     any other person whom the producing person, or other person designating the Confidential Discovery Material agrees in writing may have access to such Confidential Discovery Material.

9.     Access to and/or disclosure of Confidential Discovery Material pursuant to this Order shall only be permitted or made to the extent counsel reasonably and in good faith believes that such access or disclosure is reasonably necessary to the prosecution or defense of this Action. Notwithstanding any other provision of this Order, access to and/or disclosure of Confidential Discovery Material designated as "HIGHLY CONFIDENTIAL" shall only be made to those individuals described in Paragraphs 8, excluding subsections 8(c) and (d) until such agreement can be reached by the parties to allow for such disclosure for a limited purpose, or the Court otherwise orders, to change the designation from "HIGHLY CONFIDENTIAL" to "CONFIDENTIAL."

10.     Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(d) or (e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms.  Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.     Each person receiving Confidential Discovery Material will maintain such Confidential Discovery Material in confidence and will not reveal any portion of it to any person not otherwise permitted pursuant to this Order without the prior written consent of the producing Party's counsel or an order by the Court authorizing such disclosure.

12.     Any person who either objects to any designation of Confidential Discovery Material, or who, by contrast, requests designation of Confidential Discovery Material produced by another party, may at any time prior to the trial of this action serve upon the producing person and all other parties a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, the party disputing the designation shall raise the objection with the Court in accordance with Paragraph 2(E) of Judge Rochon's Individual Rules of Practice and Local Rule 37.2.  The information in question shall be treated as Confidential Discovery Material and subject to the terms of this Order until otherwise agreed to by the Parties or ordered by the Court.

13.     Nothing in this Agreement shall impair a Party's right to communicate with any local, state, or federal government agency or body concerning violations of local, state, or federal law or otherwise assist in any government investigation.

**Filing Confidential Materials in this Action**

14.     Any Party may use information or documents designated as Confidential Discovery Material during any trial of this Action.  In the event that any material designated under this Order is used, described, characterized, excerpted, or referenced in, or attached to, any Court proceeding or submission in connection with this Action: (a) it shall not lose its confidential status through such use; (b) the Parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (c) the Party designating the material as confidential or highly confidential

shall be allowed and is required to move that such material be filed under seal upon notice from the party who intends to file the material, and, upon the default of the filing Party to so request, any Party may do so. Where possible, only confidential portions of filings with the Court shall be filed under seal. The parties shall follow Paragraph 4(B) of Judge Rochon's Individual Rules of Practice with respect to requests for filing under seal.

15.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. This Order has no effect upon, and its scope shall not extend to, any Party's use or disclosure of its own Confidential Discovery Material.

16.     Nothing herein shall be construed as: (a) a waiver by any Party of its right to object to any discovery request; (b) waiver of any privilege or protection; (c) an admission by any Party regarding the admissibility or relevance at trial of any document, testimony, or other evidence; or (d) an agreement that any document or portion thereof designated as confidential or highly confidential is properly so designated, or that such material should be filed under seal rather than on the public docket. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Discovery Material disclosed, in accordance with applicable law and Court rules.

**Termination of the Litigation**

17.     This Order shall extend beyond the final conclusion of this Action and shall remain in full force and effect until modified, superseded, or terminated by operation of law or by written agreement of the Parties or by Order of the Court. Within thirty (30) days of the final disposition of this Action (including appeals, if any), all Confidential Discovery Material and all copies thereof in the possession of any person who has received such documents pursuant to this Protective Order

shall be destroyed or returned to the producing person's or Party's counsel (whether to destroy or return, to be determined in the receiving Party's sole discretion), together with all copies, extracts and summaries thereof, except that the Parties' counsel shall be permitted to retain any and all working files on the condition that those files will remain confidential consistent with the terms of this Order.  Upon request of the producing Party, after entry of final judgment no longer subject to further appeal, counsel who received the Confidential Discovery Material shall deliver a written certification certifying compliance with the terms of this Protective Order to counsel for the Party that produced the Confidential Discovery Material within thirty (30) days of such request.

18.    During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.

19.    This Order may be amended by further stipulation or, if the Parties are unable to agree, by the Court on the application of either Party.

Dated: January 26, 2026
         New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

-10-

Dated: January 23, 2026

Mesidor PLLC                                    DAVIS+GILBERT LLP


By: /S/ *Alexandria Jean-Pierre*                By: */s/ Angela M. Dunay*
Marjorie Mesidor                                Maureen McLoughlin
Joseph Myers                                    Angela M. Dunay
Alexandria Jean-Pierre                          1675 Broadway
110 E. 25th Street                              New York, NY 10019
New York, NY 10010                              Phone: (212) 468-4800
Phone: (315) 812-3920                           mmcloughlin@dglaw.com
mm@marjoriemesidor.com                          adunay@dglaw.com
jm@marjoriemesidor.com
AJ@marjoriemesidor.com                          *Counsel for Defendants*


*Counsel for Plaintiff*



~~SO ORDERED~~


_____
~~Hon. Jennifer L. Rochon~~
~~United States District Judge~~

-11-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RENEE CASSARD,

               Plaintiff,

      -AGAINST-

OMNICOM MEDIA GROUP HOLDINGS INC.,
OMD USA LLC, and RALPH PARDO

             Defendants.

Case No. 1:25-cv-02201 (JLR)

**NON-DISCLOSURE**
**AGREEMENT**

I, _____ [print name], acknowledge that I have read and understand the terms of the Stipulated Confidentiality Agreement and Protective Order in the above-captioned matter governing the non-disclosure of those portions of Discovery Materials that have been designated as Confidential Discovery Material.

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as Confidential Discovery Material and are thereby confidential by Order of the Court.  I agree to be bound by the Order as a condition of receiving access to, copies of, documents or information designated Confidential Discovery Material.

I agree that I will not disclose such Confidential Discovery Material or any notes or other memoranda or writings reflecting such Confidential Discovery Material to anyone other than for purposes of this Action and as specifically authorized under the Order. I further agree not to use any such Confidential Discovery Material for any purpose other than this Action.

I agree that my obligation to honor the confidentiality of such Confidential Discovery Material will continue even after the termination of this Action.

-12-

I agree that at the conclusion of the Action I will return all Discovery Materials, including any Confidential Discovery Material, to the Party or attorney from whom I received it or destroy such Discovery Materials along with any copies thereof.

By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.


Dated: _____                    _____
                                                            [Signature]