UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RENEE CASSARD,                              :
                                            :
                          Plaintiff,        :         25-CV-2201 (JLR) (RWL)
                                            :
            - against -                     :
                                            :         **ORDER**
OMNICOM MEDIA GROUP HOLDINGS,               :
INC., et al.,                               :
                                            :
                          Defendant.        :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiff's challenge to certain items identified on Defendants' privilege log.  (Dkt. 77.)  Based on Defendants' representation of documents from the log that have now been produced, the dispute has been narrowed to a handful of documents.  (*See* Dkt. 79 at 1 n.2.)  The Court has reviewed those documents in camera.

Documents 50, 53, and 119 are the same email.  It is an attorney-client privileged communication and has been properly withheld.

Document 54 appears to be a restructuring plan; Document 55 is an organizational chart.  Defendants assert that they are privileged because they were attachments to email sent by in-house counsel to outside counsel.  (Dkt. 79 at 3.)  The mere fact that those documents were attachments to emails between in-house and outside counsel does not automatically render them privileged.  *Roc Nation LLC v. HCC International Insurance Co., PLC*, No. 19-CV-554, 2020 WL 1698928, at *2 (S.D.N.Y. Apr. 8, 2020) ("As to the issue of attachments to emails, HCC cannot assert that attachments are automatically privileged—even if attached to a privileged email—and must produce such attachments unless they themselves contain or refer to legal advice"); *In re Omeprazole Patent*

*Litigation,* No. M-21-81, MDL 1291, 2005 WL 818821, at *8 (S.D.N.Y. Feb. 18, 2005) ("Attachments which do not, by their content, fall within the realm of the privilege cannot become privileged by merely attaching them to a communication with an attorney") (internal quotation marks omitted).  It is not apparent from the attachments themselves whether the privilege attaches to them.  Accordingly, if Defendants seek to maintain these two documents as privileged, they must file an affidavit by someone with personal knowledge attesting to the facts establishing that they are privileged, after which the Court will make a determination.  Such affidavit shall be filed by **June 3, 2026.**

Pardo 1 is a text exchange between non-attorneys concerning draft content for a press release.  Although Defendants' in-camera filing purported to include both an unredacted and redacted version of the exchange, both pdfs appear to the Court to be fully unredacted.  Nonetheless, the Court has reviewed the entirety of the unredacted exchange.  Two snippets of the text exchange reflect advice of counsel.  Those portions are privileged communications.  *See Pearlstein v. BlackBerry Limited*, No. 13-CV-7060, 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019) (finding draft press release material sent to counsel for legal review to be privileged and explaining that privilege attaches to such draft material "even where the document in its final form is intended to be disseminated publicly").  Accordingly, Defendants may appropriately redact the first text bubble under "Wed., Sep. 24 at 5:18 PM" on page 8, and the first five words of the first line of the second text bubble under "Thu., Sep 25 at 5:54 AM."

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 77 and 79.

SO ORDERED.

_____

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 28, 2026
      New York, New York

Copies transmitted this date to all counsel of record.